

Signed/Docketed
September 2, 2011

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 07-10718 MER |
| ELIZABETH MITCHELL | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

## ORDER

THIS MATTER comes before the Court on the *Motion for Reconsideration* filed at Docket No. 64 (the "Motion") by Elizabeth Mitchell ("Mitchell) and Wayne Pratt ("Pratt") (the "Movants"). The Motion requests reconsideration of this Court's Order issued July 27, 2011, at Docket No. 62, denying the *Motion to Reopen Case Due to Administrative Errors and to Vacate Orders* filed by Mitchell and the *Motion to Reopen Case Due to Administrative Errors* filed by Pratt.[1]

## JURISDICTION

The Court possesses jurisdiction to examine its own record in view of the Motion filed and the relief requested therein. For the reasons stated below, the Court cannot find the issues raised by the Movants affect the administration of the bankruptcy estate or otherwise fall within the jurisdiction of this Court.

## BACKGROUND FACTS

The above-captioned case was commenced by the filing of an involuntary Chapter 7 petition against Elizabeth Mitchell on January 30, 2007. The petitioning creditors, represented by attorney Lee Kutner, are Lois Alcorn, Thomas Alcorn, and David Noven (the "Petitioning Creditors"). The Petitioning Creditors also filed, on January 30, 2007, an involuntary Chapter 7 petition against Chameleon Entertainment Systems, Inc., in Case No. 07-10719 MER.

On February 20, 2007, attorney Jeffrey Weinman ("Weinman"), on behalf of Chameleon and Mitchell, filed a *Motion for Joint Administration of Cases* in each involuntary case. On March 1, 2007, in each involuntary case, Weinman filed a *Combined Motion to Dismiss, for*

---

[1] A similar Motion for Reconsideration was filed in the related case In re Chameleon Entertainment Systems, Inc., Case No. 07-10719 MER. The background and issues are similar in the two cases. The Court notes an Order regarding the Motion for Reconsideration will enter in the Chameleon case at the same time as the entry of this Order, and would point out the two Orders contain much of the same information and discussion.

*Damages, Sanctions and Attorneys' Fees, or in the Alternative, to Abstain*. On March 9, 2007, the Court granted Chameleon's and Mitchell's *Motion for Joint Administration of Cases*.

The Court held a hearing on the *Combined Motion to Dismiss, for Damages, Sanctions and Attorneys' Fees, or in the Alternative, to Abstain* on March 22, 2007. At that hearing, the Court directed Chameleon and Mitchell to file lists of creditors by April 6, 2007. The Court also ordered any creditors wishing to join the involuntary petitions must do so by April 23, 2007. On April 6, 2007, Weinman filed a List of Creditors on behalf of Chameleon and a List of Creditors on behalf of Mitchell. At a status conference held April 25, 2007, the Court set the contested involuntary petitions for hearing on September 11, 2007.

On September 10, 2007, Chameleon and Mitchell, represented by Weinman, filed a *Notice of Impending Settlement and Motion to Vacate Hearing*. This pleading stated the parties had reached a settlement with respect to both petitions which was circulated for signature. It also stated the settlement documents were anticipated to be filed within ten days, and would call for the dismissal of both petitions.[2]

On September 27, 2007 Mitchell and Chameleon filed a *Motion to Dismiss Involuntary Petitions*.[3] This pleading stated that in order for the parties' settlement agreement to be implemented, the voluntary petitions must be dismissed, and requested their dismissal in accordance with Exhibit A attached to the pleading. Exhibit A, in turn, consisted of a document entitled "Stipulation Resolving Involuntary Case Filings" (the "Settlement")[4] In part, the Settlement provided as follows:

> 1. Elizabeth Mitchell Case. The involuntary case pending against Elizabeth M. Mitchell, Case No. 07-10718 MER shall be dismissed upon approval of this Stipulation by the Bankruptcy Court. Dismissal shall be without prejudice. None of the claims held by the Petitioning Creditors against Elizabeth M. Mitchell shall be released, compromised or diminished in any way unless the Payment described below is made.
>
> 2. Chameleon Entertainment Systems, Inc. Case. The case pending against Chameleon Entertainment Systems, Inc., Case No. 07-10719 MER ("Corporate Case") shall be dismissed on the later of: a) September 11, 2007; or (b) the date on which the Bankruptcy Court enters an order approving this Stipulation ("Dismissal Date"); if and only if the Petitioning Creditors receive the sum of $75,000 in good funds by cashiers check, wire transfer or other acceptable means ("Payment"). In the

---

[2] Case No. 07-10718 MER, Docket No. 26. It should be noted that, following an order for joint administration of cases, pleadings are generally filed only in the case bearing the lower case number, in this instance, Case No. 07-10718 MER.

[3] Case No. 07-10718 MER, Docket No. 29

[4] Case No. 07-10718 MER, Docket No. 29, Exhibit A.

event no objections are filed with respect to this stipulation and dismissal of the cases, the Payment shall be made within three (3) days of the last date to object to the Stipulation and a closing shall occur at that time. In the event the Payment is not made on or before the Dismissal Date, the Corporate Case shall be deemed confessed by Chameleon Entertainment Systems, Inc. and shall not be dismissed. If the payment is made, a Non-Contested Matter Certificate may be filed and the case dismissed, if the payment is not made te Non-Contested Matter Certificate may be filed and the order for relief shall enter.[5]

Notice pursuant to then Local Bankruptcy Rule 202 was sent of the *Motion to Dismiss Involuntary Petitions* and of the Settlement, with an objection date of October 15, 2007.[6] The certificate of service attached to the notice reflected it was sent to Mitchell, Chameleon, the Petitioning Creditors, Weinman, Weinman's colleague William A. Richey, Kutner, Wells Fargo Bank, Johannsen, Sorwick & Assoc., Inc., and the United States Trustee, as well as Boulder Networks, LLC, Russell Tortere, and Opus Technology.[7]

No objections were filed, but no certificate of non-contested matter was submitted. Rather, on January 8, 2008, Mitchell and Chameleon filed a *Motion for Entry of Orders*[8], stating the $75,000 payment had not been made, and seeking an order of dismissal in Mitchell's case, and an order for relief in Chameleon's case. On February 6, 2008, Mitchell's case was dismissed, and an order for relief entered in Chameleon's case.[9] In addition, the Court ruled the Settlement was approved.[10]

Approximately one and one-half years later (on June 3, 2009), Mitchell filed a *Complaint for Fraud for Filing and Involuntary Petition in Bankruptcy and Fraud in the Inducement to Enter into a Settlement Agreement* (the "Complaint").[11] On June 10, 2009, the Court entered an

---

[5] *Id*., ¶¶ 1 and 2. The Settlement is signed by Lee Kutner, attorney for the Petitioning Creditors, Jeffrey Weinman, attorney for the Debtors, Elizabeth C. Mitchell, individually and on behalf of Chameleon Entertainment Systems, and by the Petitioning Creditors, Thomas L. Alcorn, Lois Alcorn, and Daniel A. Noven.

[6] Case No. 07-10718 MER, Docket No. 30.

[7] The record in the Chameleon case, Case No. 07-10719 MER, reflects Russell Tortere, Boulder Networks, LLC and Opus Technology, LLC filed a joinder to the involuntary petition against Chameleon on April 20, 2007, at Docket No. 17.

[8] Case No. 07-10718 MER, Docket No. 31; Case No. 07-10719 MER, Docket No. 21.

[9] See Case No. 07-10718 MER, Docket No. 33, and Case No. 07-10719 MER, Docket No. 22.

[10] In Case No. 07-10718 MER, at Docket No. 33, the Order Dismissing Involuntary Case provided in part: "The Settlement Agreement entered into between Debtor Elizabeth M. Mitchell and Petitioning Creditors is hereby approved."

[11] Adversary Proceeding 09-1306 MER, Docket No. 1.

Order dismissing the Complaint because the underlying bankruptcy case had been dismissed, so the Court lacked jurisdiction to hear the claims set forth in the Complaint.[12]

After the passage of nearly another eleven months, on April 23, 2010, James Heiman filed a *Motion for Relief from Judgment/Order (Dismissal) Pursuant to Federal Rules of Bankruptcy Procedures 9024 and for Other Relief.*[13]  The Court issued an Order denying that Motion on June 10, 2010.[14]  On January 6, 2011, the Clerk of the Bankruptcy Court entered an order entitled *Order Accepting Trustee's Report and Closing Case.*[15]

On March 14, 2011, over three years after the original case had been dismissed, Mitchell filed a *Motion to Reopen Case Due to Administrative Errors.*[16]  The Petitioning Creditors filed an Objection, and Mitchell filed a Motion to Strike Objection.[17] On March 28, 2011, the Court entered an Order denying the Motion to Reopen, which stated as follows:

> For all practical purposes, the Stipulation, which included the Petitioning Creditors and Mitchell as signatory parties, provided for the functional equivalent of the abandonment or withdrawal of the involuntary petition filed by the Petitioning Creditors. No order for relief in the Mitchell involuntary action was ever entered before the entire involuntary proceeding was dismissed. As a result, no bankruptcy case was ever created to be reopened at this time.[18]

On April 6, 2011, Mitchell filed a Motion to Reopen Case Due to Administrative Errors and to Alter or Amend Judgment.[19]  On April 18, 2011, she filed a Brief and Memorandum in Support of Motion to Reopen and to Alter or Amend Judgment, and on April 28, 2011, she filed

---

[12]  Adversary No. 09-1306 MER, Docket No. 2.

[13]  Case No. 07-10718 MER, Docket No. 38.

[14]  Case No. 07-10718 MER, Docket No. 39.

[15]  Case No. 07-10718 MER, Docket No. 41.  As the Court noted in its March 28, 2011 Order denying Mitchell's subsequent *Motion to Reopen Case Due to Administrative Errors*, this order was entered in error because the case had been dismissed.

[16]  Case No. 07-10718 MER, Docket No. 42.

[17]  Case No. 07-10718 MER, Docket Nos. 43 and 44.

[18]  Case No. 07-10718 MER, Docket No. 45 (citing *Kreidle v. United States (In re Kreidle)*, 146 B.R. 464, 470 (Bankr. D. Colo. 1991) (For purposes of determining the application of 26 U.S.C. § 1398, an involuntary case commences with the entry of an order for relief, not the filing of a petition.); *In re Alpine Lumber and Nursery*, 13 B.R. 977, 979 (Bankr. S.D. Cal. 1981) (In determining the timing for the appointment of a trustee, the court noted because an involuntary petition is essentially a civil suit requesting a judgment, it does not become a case under Chapter 7 or Chapter 11 until an order for relief is entered.)).

[19]  Case No.07-10718 MER, Docket No. 47.

a Motion for Entry of Orders.[20]  On May 5, 2011, the Court entered an Order denying the April 6, 2011 Motion to Reopen and the April 28, 2011 Motion for Entry of Orders, noting Mitchell appeared to be asking the Court to set aside its approval of the Settlement, and making the same findings with respect to the existence of the case as it made in its March 28, 2011 Order.[21]

Thereafter, on May 12, 2011, Mitchell filed her *Motion to Reopen Case Due to Administrative Errors and to Vacate Orders.*[22]  On June 3, 2011, Pratt filed his *Motion to Reopen Case Due to Administrative Errors.*[23]  On July 19, 2011, following responses filed by Weinman, as reply by Pratt, Mitchell filed a Memorandum in Support of Motion to Reopen and Submission of New Evidence.[24]  On July 27, 2011, the Court entered its Order denying Mitchell's and Pratt's Motions, stating as follows:

> Mitchell has raised issues of alleged misbehavior by the Petitioning Creditors and by her former attorney, Mr. Weinman.  The exhibits attached to her Brief include copies of checks payable Mr. Weinman from an entity named "Gray Matter, LLC" and signed by Mitchell, copies of e-mails sent by Mr. Weinman regarding a settlement with the petitioning creditors, some with handwritten notations, and a draft settlement agreement with handwritten notations.  In addition, the Brief contains allegations regarding actions of Mr. Weinman and others.  Further, the Motion and the Brief raise issues regarding the Stipulation approved by the Court on February 8, 2008.  In his motion, Pratt seeks relief primarily based on his allegation he did not receive notice of the petition.
>
> Mitchell's and Pratt's motions must be denied for two reasons.  First, as noted above, no bankruptcy case exists to which motions to reopen could apply. Neither Mitchell nor Pratt have shown grounds for the Court to alter or amend the findings in the Court's May 5, 2011 Order that no case ever existed to be reopened.  In addition, with respect to Pratt's Motion, since no order for relief was entered, and since no listing of creditors other than the petitioning creditors was ever filed, he was not required to be provided with notice.
> Second, in the alternative, even if a case existed which could be reopened, neither movant has shown reopening such a case would benefit the Debtor, the estate, or any creditors.  Although Mitchell alleges she wishes to pursue adversary proceedings for damages against Mr. Weinman and the attorney for the petitioning creditors, she has not shown such actions would result in payment for any creditors of the estate of the hypothetical reopened case, nor has she shown the likelihood of payment to an extent

---

[20] Case No. 07-10718 MER, Docket Nos. 51 and 52.

[21] Case No. 07-10718 MER, Docket No. 53.

[22] Case No. 07-10718 MER, Docket No. 55.

[23] Case No. 07-10718 MER, Docket No. 56.

[24] Case No. 07-10718 MER, Docket No. 60.

which would lead to a surplus available for return to her upon liquidation of her claims. Pratt has likewise failed to indicate any benefit resulting from reopening the hypothetical case. With respect to the issues Mitchell raises in her Motion and Brief, and with respect to any issues Pratt may raise, the Court finds this Court is not the appropriate forum in which to pursue them. Since the Court finds it is not appropriate to reopen the case, any requests for reconsideration must also be denied.[25]

## THE MOTION TO RECONSIDER

In their Motion, Mitchell and Pratt seek reconsideration of the Court's July 27, 2011 Order on several grounds. First, they dispute the Court's conclusion no bankruptcy case existed due to the lack of an order for relief. In addition, they assert Pratt never received appropriate notice of the Settlement. They further contend a benefit to creditors would be realized from the reopening of the case because 11 U.S.C. § 303(i) permits the award of damages to a debtor. Moreover, the Movants question both subject matter and personal jurisdiction of both the Mitchell and the Chameleon cases, and dispute the Court's denial of Mitchell's motions to intervene in the Chameleon case and dismissal of Adversary No. 09-1306 MER.

Second, as asserted in the similar Motion filed in the Chameleon case, the Movants allege new evidence has become available since the filing of the Motions to Reopen. In summary, the Motion states Weinman sent Mitchell a compact disc purporting to contain all e-mail communications between Weinman and both Mitchell and Chameleon. According to the Motion, the compact disc was disorganized and partially reconstructed, and any evidence presented by Weinman as to the Motion to Reopen may therefore be altered or corrupt. In addition, the Motion states Mitchell was unable to access the sealed document filed by Weinman with the Court in response to the Motion to Reopen. Moreover, the Motion asserts the Stipulation filed with the Court in September, 2007 is void because it was not the version agreed to by the parties, but was constructed by Weinman's secretary from several versions of the agreement after the secretary had conferred with Mr. Kutner, counsel for the Petitioning Creditors. Lastly, the Motion contains allegations that the Settlement is void because notice was inadequate and because the creditors who joined in the involuntary petition, Boulder Networks and Russell Tortere, did not sign the Settlement.

## DISCUSSION

With respect to the allegations regarding notice of the Settlement and signing of the Settlement by the joining creditors, the Court finds the notice of the Settlement was sent to the parties to the Settlement and their attorneys, as well as to the joining creditors. If the joining creditors had wished to raise issues with respect to the Settlement, they had an opportunity to do

---

[25] Case No. 07-10718 MER, Docket No. 62 (footnotes omitted).

so. With respect to the other creditors on the list of creditors filed on April 6, 2007, the Court finds notice was not required, as an order for relief had not yet entered in the case. In addition, since the closing of the case, there has been no showing reopening the case would result in any possibility of payment to those creditors, who in any event may pursue remedies outside this Court.[26] With respect to the argument regarding lack of notice of the Settlement to Pratt, the Court notes the Settlement was between Mitchell, Chameleon, and the Petitioning Creditors, and provided for the dismissal of the Mitchell case, the only case in which Pratt is asserted to be a creditor. With the dismissal of that case, Pratt would retain his rights to collect his debt outside of bankruptcy. Therefore, since the Settlement could not adversely affect his rights to collect his debt against Mitchell, he did not require notice. In addition, as noted in the Court's July 27, 2011 Order, no order for relief has ever entered in this case which would trigger a requirement for such notice. At the time the Settlement was entered into, there was merely an involuntary petition and a motion to dismiss the involuntary petition before the Court. The Settlement constituted the resolution of that petition and response before an order for relief.

More importantly, although Mitchell's and Pratt's Motion states it seeks alteration or amendment of the Court's July 27, 2011 Order under FED. R. CIV. P. 59(e), made applicable to bankruptcy proceedings by FED. R. BANKR. P. 9023, the procedural background set forth above demonstrates the underlying objective of the Motion is to challenge the validity of the Settlement. However, the Settlement constitutes a contract entered into by the Petitioning Creditors, Chameleon, and Mitchell.[27]

Under 28 U.S.C. §§ 1334(b)(1) and 157(a), bankruptcy courts possess "only the jurisdiction and powers expressly or by necessary implication granted by Congress."[28] Pursuant to 28 U.S.C. § 157(a) and (b), a bankruptcy court, following referral by a federal district court, may hear: 1) a bankruptcy case created by the filing of a bankruptcy petition; 2) a civil proceeding "arising under" title 11; 3) a civil proceeding "arising in" a case under title 11; and 4) a civil proceeding "related to" a case under title 11. "[C]ore proceedings are defined as those which arise under title 11 or arise in a case under title 11, they 'are proceedings which have no existence outside of bankruptcy.'"[29] "Actions . . . which could proceed in another court are not

---

[26] For this reason, to the extent it has not already done so, the Court will also deny the *Motion to Reopen Case Due to Administrative Errors* filed by Arden Hooper in Case No. 07-10719 MER at Docket No. 199 on June 8, 2011. In addition the Court notes the only proof of claim filed in the Chameleon case was filed by Johannsen, Sorwick & Associates, Inc., who received notice of the Settlement.

[27] *See Anthony v. United States*, 987 F.2d 670, 673 (10th Cir. 1993) (citations omitted) ("A settlement document is a contract and is construed using ordinary principles of contract interpretation."). *See also, Citywide Bank of Denver v. Herman*, 978 F. Supp. 966, 977 (D. Colo. 1997) (same); *Resolution Trust Corp. v. Avon Center Holdings, Inc.*, 832 P.2d 1073, 1075 (Colo. App. 1992) (same).

[28] *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1517 (10th Cir. 1990) (citations omitted).

[29] *Lucre Management Group v. Schempp Real Estate, LLC (In re Schempp Real Estate*, LLC), 303 B.R. 866, 873 (Bankr. D. Colo. 2003) (quoting *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990)).

core proceedings."[30]  A "related to" proceeding, which a bankruptcy court may hear and may issue proposed findings, pursuant to 28 U.S.C. § 157(c)(1), is a proceeding in which the outcome could conceivably have any effect on the estate being administered in bankruptcy.[31]

In this case, the resolution of questions of invalidity of the Settlement based on acts alleged to have been committed by the parties' attorneys, as well as the other issues raised by the Movants, are matters which could be brought in another court and therefore are not core proceedings under 28 U.S.C. § 157(a).  Further, such matters do not affect the bankruptcy estate, and are therefore not "related to" matters over which this Court may exercise jurisdiction.  The Court approved the Settlement based on the record before it, and cannot now find the Settlement to be invalid based on factual issues which should be raised in a court of general jurisdiction, not a court of limited jurisdiction.[32]

If and only if a court of general jurisdiction finds the Settlement should be held to be void on any of the grounds alleged by the Movants, this Court might have a basis for reconsidering the February 6, 2008 Orders, and then possibly only to consider whether damages might lie under 11 U.S.C. § 303.  As noted in its previous orders, the questions raised in the instant Motion and in the previous, related motions, are for another forum.  The Movants cannot use repetitive motions to bring before this Court issues which should be brought before a court of general jurisdiction.

## CONCLUSION

The date for appealing the February 6, 2008 orders had long since passed when the Motions to Reopen were filed.  Those Motions, and the current Motion to Reconsider, are really seeking either an appeal of those orders, or are seeking to present new claims based on assertions that the Settlement was the result of improper actions by the petitioning creditors and the parties' attorneys.  This Court can make no finding as to such claims.  It can merely find, and does so find, that the Settlement was properly approved based on the record before the Court, and that the Movants have set forth no grounds upon which this Court can alter or amend its orders approving the settlement, dismissing the Mitchell case, entering the order for relief in the Chameleon case, or entering its succeeding orders detailed above, including the July 27, 2011

---

[30] *Gardner*, 913 F.2d at 1518.

[31] *Id.*, (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984).

[32] Moreover, even were the additional issues raised by the Movants found to be core proceedings, under United States Supreme Court's ruling in *Stern v. Marshall*, this Court may not address these questions. *Stern v. Marshall*, ___U.S.___, 131 S.Ct. 2594, 2620 (2011) (holding "The Bankruptcy Court ... lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim.").  The Supreme Court noted litigants must receive a determination from a court of general jurisdiction created under Article III of the Constitution, in "any matter which, from its nature, is the subject of a suit at the common law, or in equity, or in admiralty." *Id.*, 131 S.Ct at 2612 (citing *Murray's Lessee v . Hoboken Land & Improvement Co*, 59 U.S. 272, 284 (1856)) (internal quotation marks omitted).

order. Therefore, the Court finds the Motion to Reconsider must be denied, and the above-captioned case will remain closed until such time as a judgment of a court of general jurisdiction may provide a basis for reopening the case.

  IT IS THEREFORE ORDERED the Motion to Reconsider is DENIED.

Dated September 2, 2011

            BY THE COURT:

            _____
            Michael E. Romero
            U.S. Bankruptcy Judge